Receipt number 9998-4891216

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

INVENERGY ILLINOIS SOLAR I LLC )
One South Wacker Drive )
Chicago, IL 60606 )
)
          Plaintiff, )
) Civil Action No. __18-1351 C__
)
v. )
)
THE UNITED STATES OF AMERICA )
Clerk, U.S. Court of Federal Claims )
717 Madison Place NW, Room 103 )
Washington, D.C. 20005 )
)
          Defendant. )
)

## COMPLAINT

Plaintiff INVENERGY ILLINOIS SOLAR I LLC ("Illinois Solar"), through counsel, brings this action against the United States of America (the "Government") for violation of Section 1603 of the American Recovery and Reinvestment Tax Act of 2009, Pub. L. 111-5 (2009), as amended by Section 707 of the Tax Relief, Unemployment Insurance Reauthorization, and Job Creation Act of 2010, Pub. L. 111-312 (2010) ("Section 1603"), and for its Complaint alleges as follows:

### NATURE OF THE ACTION

1.     This litigation arises from the Government's violation of its mandatory statutory obligation to pay a cash grant to Plaintiff, which placed in service specified energy property during the times specified by Section 1603.

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to the Tucker Act, 28 U.S.C. § 1491. The statutory basis for invoking jurisdiction is Section 1603, a money-mandating statute.

## PARTIES

3. Plaintiff Illinois Solar is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Illinois Solar was created to place in service, own, and operate a solar energy facility in Illinois.

4. Illinois Solar owns specified energy property that it placed in service during the times specified herein. Illinois Solar applied for a cash grant pursuant to Section 1603.

5. The Defendant is the Government, acting through the United States Department of the Treasury ("Treasury").

## STATUTORY AND REGULATORY FRAMEWORK

6. Section 1603 created a temporary program under which those qualifying for investment tax credits under Section 48 of the Internal Revenue Code of 1986 (the "IRC") could instead receive immediate cash grants.

7. Congress intended that the grant provision of Section 1603 mimic the operation of the investment tax credit under Section 48 of the IRC.

8. Section 1603(a), as amended, states that "[u]pon application, the Secretary of the Treasury shall . . . provide a grant to each person who places in service specified energy property" during 2009, 2010, or 2011, or after 2011 if certain conditions are met.

9. Under Section 1603(d), "specified energy property" includes qualified solar energy facilities as described in Section 45(d)(4) of the IRC.

10. Section 1603(b) states that the amount of the grant "shall be the applicable percentage of the basis of such property." The applicable percentage for solar energy facilities is thirty percent.

11. Under well settled tax principles, the basis of an investment property for purposes of the investment tax credit is generally equal to the cost of the property.

12. Section 1603 did not grant Treasury authority to promulgate new rules or regulations for determining cost basis.

13. Section 1603(c) states that Treasury "shall make payment" of the grant "during the 60-day period beginning on the later of (1) the date of the application for such grant, or (2) the date the specified energy property for which the grant is being made is placed in service."

## FACTUAL ALLEGATIONS

14. Between December 2009 and November 2010, affiliates of Illinois Solar participated in the submission of five separate applications under Section 1603 for cash grants in an amount equal to 30% of the cost of each of five qualifying energy properties.

15. After reviewing those five applications, Treasury awarded grants amounting to all or substantially all of the requested amounts. In each instance, Treasury awarded a grant within 60 days of the date of each application.

16. Plaintiff Illinois Solar placed in service a qualified solar energy facility (the "Illinois Solar Facility") at a cost of $70,144,679. Thereafter, Illinois Solar applied for a Section 1603 grant in an amount equal to 30% of the cost basis of the property.

17. Construction of the Illinois Solar Facility began on November 28, 2011.

18. Illinois Solar placed the Illinois Solar Facility in service on July 27, 2012.

19. On July 30, 2012, Illinois Solar submitted an application to Treasury for a grant payment under Section 1603 in connection with the Illinois Solar Facility (TAN 2012E48SE059701). The grant-eligible cost basis of the Illinois Solar Facility was $70,144,679. Illinois Solar requested a grant in the amount of $21,043,404, which is thirty percent of its grant-eligible cost basis.

20. On September 15, 2012, Treasury awarded Illinois Solar a reduced grant amount for the Illinois Solar Facility. Instead of the $21,043,404 grant to which Illinois Solar was entitled, Treasury awarded only $20,507,149.

21. In response to Illinois Solar's application, Treasury issued an email titled "Section 1603 Award Letter," which stated that the "amount requested was reduced because the presented cost basis was higher than open market expectations for projects of this size and in this location and the transaction involved related parties and/or related transactions." The email further stated that the "cost basis has been adjusted to allow for base costs plus an appropriate markup (to include reasonable overhead, profit, and, if appropriate, development fees) resulting in a total that more closely reflects the amount that would have been paid in an arms' length transaction between parties with adverse interests."

22. Treasury's stated justification violates the provisions of Section 1603 and well settled tax principles for determining cost basis.

23. Treasury did not award the full grant amount to which Illinois Solar was entitled.

## **CLAIM FOR RELIEF**

### **COUNT ONE**

24. Plaintiff re-alleges and incorporates ¶¶ 1-23 as if set forth fully herein.

25. Section 1603 states that the Government "shall provide a grant to each person who places in service specified energy property to reimburse such person for a portion of the expense of such property."

26. Section 1603 requires the Government to make those payments pursuant to specific criteria set forth in the statute and consistent with applicable provisions of the IRC, applicable regulations, and principles established through case law.

27. Section 1603(h) appropriates "such sums as may be necessary to carry out this section."

28. Illinois Solar is a qualified applicant under Section 1603.

29. Illinois Solar submitted applications to Treasury in conformance with the terms of Section 1603.

30. Illinois Solar met all conditions required by Section 1603. The Illinois Solar Facility is made up of specified energy property, construction of the facility began during 2011, and the facility was placed in service during 2012.

31. Illinois Solar was entitled to receive a grant in the amount of thirty percent of its basis in the Illinois Solar Facility, which was $70,144,679.

32. The Government, in violation of Section 1603, failed to provide a timely cash grant to Illinois Solar in the amount to which it was entitled in response to its application.

33. The Government violated its statutory obligations because Treasury did not provide a cash grant to Illinois Solar equal to thirty percent of its basis within 60 days of the date on which the application was submitted.

34. The Government's violation of Section 1603 directly caused substantial damage to Illinois Solar in the amount of $536,255.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks this Court to enter judgment in its favor and against Defendant and to:

(a) Award Plaintiff monetary relief in the amount of $536,255, which is the difference between the amount it received pursuant to its Section 1603 application and the amount it should have received;

(b) Award Plaintiff such court costs, litigation expenses, attorneys' fees, and additional monetary relief as is available under applicable law; and

(c) Award Plaintiff such other and further relief as this Court may deem necessary and proper.

Dated: September 4, 2018

Respectfully submitted,

INVENERGY ILLINOIS SOLAR I LLC

By: _____
John C. Hayes, Jr.
Brian P. Donnelly
NIXON PEABODY LLP
799 9th Street, NW, Suite 500
Washington, D.C. 20001
Tel: (202) 585-8345
Fax: (202) 585-8080
jhayes@nixonpeabody.com
bdonnelly@nixonpeabody.com

*Counsel for Invenergy Illinois Solar I LLC*